UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
AUG 10 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:  )  Case No. 06-21202-D-13L
        )  Docket Control No.: CJY-1
TYSINN W. GHIA,  )
        )  Date: July 25, 2006
        )  Time: 1:00 pm
        Debtor.  )  Dept. D
_____)

## MEMORANDUM DECISION

Alliance Financial Capital, Inc. (the "Creditor") has objected to the Chapter 13 Plan filed on May 3, 2006 (the "Plan") by Tysinn W. Ghia (the "Debtor") on grounds that the Plan was proposed in bad faith. The Creditor also objects to the Motion to Avoid Judicial Lien on Debtor's Residence on the grounds that the judicial lien (the "Lien") on the Debtor's residence is outside the scope of avoidance under 11 U.S.C. § 522(f).

For the reasons set forth below, the court will confirm the Plan and grant the Debtor's motion to avoid the Lien.

## I. BACKGROUND

The record in this case shows that the Debtor filed a petition for chapter 13 relief on April 18, 2006. The Plan provides for monthly payments of $2,386.00 for sixty months. In its Proof of Claim filed May 3, 2006, the Creditor asserts a secured claim of $133,416.36. The Debtor schedules the Creditor's claim at $125,252.62. The property subject to the Lien is the Debtor's primary residence, located at 299 Shasta Drive #59, Vacaville, CA 95687 (the "Residence"). In addition to the Lien held by the Creditor, the Residence is subject to three other liens, totaling $306,703.74.[1] The Residence is valued at $360,000.00 in the Debtor's A-Schedule.

---

1. This figure consists of (1) $212,179.44 for Countrywide's first deed of trust, as stated in its Proof of Claim filed May 10, 2006; (2) $92,859.30 for HSBC's second deed of trust, as stated in the Debtor's D-Schedule (no Proof of Claim filed as of this date); and (3) $1,665.00 for the secured claim of the Shasta Park Homeowner's Association, as stated in the Debtor's D-Schedule (no Proof of Claim filed as of this date).

## II. ANALYSIS

The issues in this case are whether the Plan was proposed in good faith and whether the Lien is avoidable.

**A.    Good Faith**

In determining whether a debtor has filed a chapter 13 plan in good faith, courts must look to the totality of the circumstances. In re Ho, 274 B.R. 867, 876 (B.A.P. 9th Cir. 2002) (quoting In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994)). When taking this approach, courts are unlikely to find bad faith unless there is strong evidence supporting such a finding. See In re Metz, 820 F.2d 1495 (9th Cir. 1987) (holding that the debtor's chapter 13 plan was not filed in bad faith notwithstanding the fact that it provided for no payment to unsecured creditors); In re Young, 237 F.3d 1168 (10th Cir. 2001) (holding that the debtor's post-petition purchase of a luxury car did not compel a finding of bad faith because there was ample evidence that the chapter 13 plan was not filed for the purpose of evading that debt).

The Creditor bases its bad-faith claim on the assertion that the Debtor's obligation to the Creditor is not dischargeable pursuant to 11 U.S.C. § 523(a)(2). However, this circuit has held that filing a chapter 13 plan that includes a nondischargeable judgment is not necessarily indicative of bad faith. In re Padilla, 213 B.R. 349, 355 (B.A.P. 9th Cir. 1997). In Padilla, a nondischargeable judgment was obtained against the debtor in a chapter 7 case. Id. at 351. Three months later, the debtor filed a chapter 13 plan that dealt with the judgment debt, and the creditor objected to the chapter 13 plan on grounds of bad faith. Id. The Padilla court held that, although the timing of the debtor's chapter 13 filing was troubling, the totality of the circumstances did not warrant a finding of bad faith.

In the present case, the Debtor's Plan states a monthly net income of $2,386.38 and provides for monthly payments to the trustee of $2,386.00. It therefore appears that the Debtor is devoting all disposable income to the Plan, just as in Padilla. Unlike Padilla however, there is nothing suspicious about the timing of this chapter 13 case, which was filed eight years after the judgment supporting the Lien was entered. Nor is there a strong presence of any other factor that

1  may indicate bad faith. See id. at 352-53 (outlining eleven factors that are considered in
2  determining whether a chapter 13 plan is proposed in good faith).
3  Based on the foregoing analysis, the court finds that the Debtor's Chapter 13 Plan was
4  filed in good faith.

### B. Avoidance of Judicial Lien

The Creditor also contends that the Lien is outside the scope of avoidance under 11 U.S.C. § 522(f) because the Lien has priority over consensual liens not to be avoided. In its written opposition, the Creditor cites no authority for this proposition.

A debtor may avoid the fixing of a judicial lien (other than a judicial lien for a domestic support obligation) on his property to the extent that such lien impairs an exemption to which the debtor is entitled. 11 U.S.C. §§ 522(f)(1)(A), 523(a)(5). Furthermore:

> [A] lien shall be considered to impair an exemption to the extent that the sum of - (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The Bankruptcy Appellate Panel of the Ninth Circuit has ruled that "[t]he plain meaning of Section 522(f)(2) requires avoidance of [a] Creditor's judicial lien, even though that lien is senior to a consensual lien." In re Charnock, 318 B.R. 720, 729 (B.A.P. 9th Cir. 2004). The court is therefore to apply the arithmetic formula of § 522(f)(2) in this case, despite the priority of the Creditor's judgment lien.

In the present case, the sum of - (i) the Lien ($133,416.36); (ii) all other liens on the property ($306,703.74); and (iii) the amount of the exemption that the Debtor could claim if there were no liens on the property ($75,000.00) is equal to $515,120.10. The value that the Debtor's interest in the Residence would have in the absence of any liens is $360,000.00. The difference between $515,120.10 and $360,000.00 is $155,120.10. Therefore, the Debtor may

avoid the fixing of a judicial lien up to $155,120.10 in the present circumstances. The Lien that the Debtor is seeking to avoid is only equal to $133,416.36.

Based on the application of the relevant values to the formula set forth in 11 U.S.C. § 522(f), the court finds that the Lien is avoidable in its entirety.

### III. CONCLUSION

The record demonstrates that the Debtor filed the Plan in good faith. Further, the court finds that under 11 U.S.C. § 522(f) the Lien is avoidable. Accordingly, the Creditor's objections will be overruled, the Debtor's Plan will be confirmed, and the motion to avoid the Lien will be granted. The moving party shall lodge an order confirming the Plan and avoiding the Lien, and shall use the form of order which is attached as Exhibit 2 to General Order 05-03. The order is to be signed by the chapter 13 trustee approving its form prior to the order being submitted to the court.

Dated: August 10 2006

ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on Aug. 10, 2006 a copy of the **foregoing document** was mailed to the following:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Christian Younger
1610 Arden Way, #265
Sacramento, CA 95815

David Cook
Cook Perkiss & Lew
333 Pine Street, Suite 300
San Francisco, CA 94104-0270

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT


By: *Andrea Lovgren*
       Deputy Clerk